47 F.3d 1173
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Edward PALMER, et al., Plaintiffs-Appellants,
v.
BOARD OF EDUCATION OF COMMUNITY UNIT SCHOOL DISTRICT 201-U,
Will County, Illinois, et al., Defendants-Appellees.
 No. 95-1186.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 15, 1995.
Decided Feb. 22, 1995.
 
 Appeal from the United States District Court for the Northern District of Illinois, Eastern Division; No. 90 C 7049, James B. Zagel, Judge.
 N.D.Ill.
 VACATED AND REMANDED.
 Before LAY,* EASTERBROOK and KANNE, Circuit Judges.
 
 Order
 
 1
 The appeal in this case contests the size of the award of attorneys' fees in the Voting Rights Act portion of this litigation, which was not disturbed by our decision of Nos. 93-3591 & 94-1229, addressing the school desegregation claims. Because we remanded the school desegregation claims for further proceedings, however, we sought the parties' views on the best way to handle the current appeal.
 
 
 2
 Both sides agree that the remand of the school desegregation claims is likely to lead to a recomputation of attorneys' fees at a later date, making it inappropriate to deliberate now about the fees for one aspect of the case. The best way to proceed, we conclude, is to vacate the district court's order awarding $9,295.88 in fees for the Voting Rights Act portion of the case. At the conclusion of the litigation, the district court should enter a fresh award covering all proceedings. This final award can be considered together with the appeal, if any, from the final disposition of the school desegregation claims. Anything else would lead to needless duplication.
 
 
 3
 The award of fees is vacated, without prejudice to its reentry at the end of the case as part of an award covering all elements of the litigation.
 
 
 
 *
 Of the Eighth Circuit, sitting by designation